**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:15-CR-55-KKC** |
|    **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **ZACHARY DANIEL TRUE,** | |
|    **Defendant.** | |

* * * * * * * * *

This matter is before the Court on Defendant Zachary Daniel True's motions for appointment of counsel and sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (DEs 73, 74.) For the following reasons, the Court will deny both motions.

"The right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021) ("[E]very federal court of appeals . . . has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings."). The Court entered judgment against the defendant on May 23, 2016. (DE 46.) The Sixth Circuit subsequently rejected the defendant's appeal and affirmed the Court's judgment. (DE 65.) As a result, the defendant no longer has a right to court-appointed counsel and has no matters pending with the Court other than these two motions. Accordingly, the Court will deny the defendant's request to appoint counsel.

The defendant also moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), the federal compassionate release statute. When reviewing a prisoner-filed motion for compassionate release, the Court must consider: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether a reduction is consistent "with applicable policy statements issued by the Sentencing Commission"; and (3) whether

applicable 18 U.S.C. § 3553(a) factors support a reduction in the given circumstances. *See United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020). He argues that the Bureau of Prisons (BOP) incorrectly calculated his sentence and such an error should constitute an "other reason" warranting compassionate release under USSG §1B1.13(b)(5). Specifically, he claims that his federal sentence should run towards his state sentence because it was anticipated and relevant to his federal conviction. (DE 73 at 10.)

Prior to the First Step Act of 2018, compassionate release could only be requested by the Director of the Bureau of Prisons (BOP). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

From the outset, it appears that the defendant failed to exhaust his administrative remedies in this matter. BOP officials have indicated that there are no records of the defendant seeking administrative remedies. (DE 76-2.) Nevertheless, the defendant's motion for compassionate release fails because he fails to allege an extraordinary and compelling reason to warrant compassionate release.

The United States Sentencing Guidelines define "other reasons" as follows: "The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." USSG §1B1.13(b)(5). Instead of focusing on the circumstances leading to his conviction and term of imprisonment, the defendant focuses on an alleged error that the BOP made in calculating his

2

federal sentence and argues that such an error falls into the "other reasons" category warranting compassionate release.

The Government, however, argues this challenge is best suited for a petition for writ of habeas corpus, not a motion for compassionate release. Case law supports this conclusion. "[H]abeas is the appropriate place to bring challenges to the lawfulness of a sentence." *United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022). "[W]e do not read 'extraordinary and compelling' to provide an end run around habeas." *Id.* Here, the defendant is attacking the lawfulness of his sentence—arguing that his incarceration is an "[ex post] facto violation" and that his state and federal convictions should be running concurrently. Accordingly, this challenge is not appropriate for a motion for compassionate release.

For the aforementioned reasons, the Court hereby ORDERS that the defendant's motions (DEs 73, 74) are DENIED.

This 2nd day of October, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

3